Filed 5/25/16  P. v. Sikora CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C074274 |
| Plaintiff and Respondent, | (Super. Ct. No. 04F2207) |
| v. | |
| THOMAS SIKORA, | |
| Defendant and Appellant. | |

Defendant Thomas Sikora appeals from the trial court's order denying his petition for recall of sentence under Proposition 36, Penal Code section 1170.126.  (Undesignated statutory references are to the Penal Code.)  The trial court ruled defendant is ineligible for resentencing because he used a gun during commission of his current offenses when he pointed a gun at law enforcement officers as they pursued him driving a stolen vehicle. Defendant stands convicted of various offenses including violating section 417.8, which provides:  "Every person who draws or exhibits any firearm, whether loaded or unloaded,

1

or other deadly weapon, with the intent to resist or prevent the arrest or detention of himself or another by a peace officer shall be imprisoned in the state prison for two, three, or four years." The other offenses are firearm possession by a felon (former § 12021, subd. (a)(1), now § 29800), possession of ammunition by a felon (former § 12316, subd. (b)(3), now § 30305), unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)), and attempting to evade a peace officer while driving recklessly (Veh. Code, § 2800.2).

Defendant argues he is eligible for resentencing because the prosecution did not plead and prove a gun enhancement. We affirm the trial court's order.

FACTS AND PROCEEDINGS

We take the background facts from our opinion affirming defendant's conviction of the current offenses after a jury trial, in *People v. Sikora*, C050541, nonpublished opinion filed May 8, 2006 (2006 Cal.App.Unpub. LEXIS 3987) (*Sikora I*). An appellate opinion is part of the record of conviction and may be considered in reviewing denial of resentencing. (*People v. Woodell* (1998) 17 Cal.4th 448, 456-457; *People v. Guilford* (2014) 228 Cal.App.4th 651, 659-660 (*Guilford*).)

On March 18, 2004, a gray Toyota pickup truck was stolen from a residence in Redding.

The following day, a farmer in Cottonwood confronted a trespasser -- later identified as defendant -- wearing a backpack and carrying a black semiautomatic handgun. Defendant said he had been target shooting and did not realize he was trespassing. Defendant left in a gray Toyota pickup truck. The farmer reported the incident and license number to law enforcement, which determined the truck was stolen. About 45 minutes later, California Highway Patrol (CHP) officers in an unmarked CHP pickup truck received word about the armed man driving the stolen truck. The officers

2

donned CHP tactical gear (raid vest with badge and emblem). They affixed a red light to their windshield.

The CHP officers encountered the Toyota heading toward them on a two-lane road. They let the Toyota pass, while the CHP driver, wearing a CHP hat, made eye contact with defendant. The officers then made a U-turn and followed the Toyota, which sped up. At a point when the officers were about 40 feet behind the Toyota, defendant pointed a black handgun toward the officers for a few seconds through the Toyota's rear sliding window. The officers slowed down but continued to follow and requested backup. About a minute later, defendant again pointed the handgun at the officers for a few seconds through the rear window.

Marked backup units arrived, and defendant led them on a "harrowing chase" during which a paper bag was thrown from defendant's driver's side window. Police never found the bag. Defendant eventually spun out and fled on foot to a nearby house. Hours later, the SWAT team flushed defendant from the house and arrested him. Defendant later told police he had been target-shooting with a handgun on a farm, but he denied having a gun during the police chase, claiming he had dropped it off at a friend's house.

A search of the stolen Toyota disclosed a backpack containing a 50-round ammunition box (.22 caliber) with 30 rounds left. A search of a residence linked to defendant uncovered a .22 caliber semiautomatic black handgun that the farmer identified as the gun he saw the trespasser carrying.

Defendant was convicted of exhibiting a deadly weapon with intent to resist arrest (§ 417.8), firearm possession by a felon (former § 12021, subd. (a)(1), now § 29800), possession of ammunition by a felon (former § 12316, subd. (b)(3), now § 30305), unlawful taking/driving a vehicle (Veh. Code, § 10851, subd. (a)), and attempting to evade a peace officer while driving recklessly (Veh. Code, § 2800.2. (*Sikora I, supra*, 2006 Cal.App.Unpub. LEXIS 3987, slip opn. p. 1.)

3

The trial court sentenced defendant to a three-strikes sentence of 25 years to life in prison, because he had two prior strike convictions for burglary (§ 459) with personal firearm use enhancements. (*Sikora I, supra*, 2006 Cal.App.Unpub. LEXIS 3987, slip opn. p. 16.)

In March 2013, after passage of Proposition 36, defendant in propria persona filed a section 1170.126 petition for resentencing. He asserted the current "Controlling Case" is for violating section 417.8, exhibiting a deadly weapon with intent to resist arrest. He asserted the current "Non-Controlling Cases" are for "Vehicle Theft" (Veh. Code, § 10851), "Disregard for Safety" (Veh. Code, § 2800.2), "Possession of Ammunition by an Ex-Felon" ((former) § 12316, subd. (b)(3)), and "Possession of a Firearm by an Ex-Felon" ((former) § 12021, subd. (a)(1)). He acknowledged prior convictions for two burglaries (§ 459).

The trial court appointed a public defender.

The People filed an opposition to resentencing because defendant used or was armed with a firearm in committing the section 417.8 offense. The People described the facts as being that the officers "attempted to make a traffic stop on a stolen vehicle being driven by the defendant. In an effort to avoid apprehension, the defendant led the officers on a lengthy and dangerous c[h]ase extending to both Shasta and Tehama Counties. At the outset of the pursuit, Officer Carter observed the defendant point a small black handgun out the rear window of the truck. Seeing the gun, the officers backed off their pursuit. A short time later, the defendant again pointed the gun out the rear window. Some time after this, a brown paper bag containing an unknown item was thrown out the window of the vehicle. The bag and its contents were not recovered. After the vehicle pursuit, the defendant fled on foot and was ultimately apprehended by the SWAT Team. [¶] After defendant was arrested, Officer Carter overheard jail conversations in which the defendant spoke of a gun he had earlier been in possession of. A search warrant was executed and a gun and ammunition were located."

4

At a hearing the public defender stated his client is ineligible for resentencing. A footnote in defendant's appellate brief cites case law that it is improper for an attorney to argue against his client. But defendant does not develop this as an issue to be decided, and we need not address it. (*People v. Crosswhite* (2002) 101 Cal.App.4th 494, 502, fn. 5 [appellate court may disregard point raised in footnote].) The trial court conducted its own research and denied the petition on the ground defendant is ineligible because his conviction "included a conviction for [section] 417.8, Resisting Arrest/Exhibition of Weapon. A defendant who used a firearm during the commission of the offense, albeit not a violent or serious felony, is eligible for an indeterminate term of twenty-five years to life."

The public defender also said "in talking with relatives, because I have tried to communicate with [defendant] by mail, he wants to be present." The judge asked if counsel could cite authority requiring the court to "bring him back just to hear he is not eligible," but counsel had nothing. The appellate brief notes defendant was not present at the hearing but does not make an issue of it. We need not address this point but nevertheless note we recently held an inmate has no due process right to a hearing on the threshold question of statutory eligibility for section 1170.126 resentencing. (*People v. Oehmigen* (2014) 232 Cal.App.4th 1, 7-8.)

DISCUSSION

I. *Using or Being Armed with Gun*

As pertinent here, section 1170.126, subdivision (e), provides: "An inmate is eligible for resentencing if: [¶] . . . [¶] (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."

The referenced three-strikes sentencing statute, section 667, provides in subdivision (e)(2)(C)(iii): "If a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c ) of Section 1192.7 that have been pled and proved, and the current offense is not a serious or violent felony as defined in subdivision (d), the defendant shall be sentenced pursuant to paragraph (1) of subdivision (e) [twice the term rather than three times the term] unless the prosecution pleads and proves any of the following: [¶] . . . [¶] (iii) During the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." The same provision appears in section 1170.12, subdivision (c)(2)(C )(iii).

Defendant argues section 1170.126 "does not preclude resentencing for those convicted of the mere possession, drawing, or exhibition of firearms. Where a current firearm offense is involved, a defendant is ineligible for resentencing only where an *enhancement* [italics added] for use of a firearm or being armed with a firearm or deadly weapon has been pled and proved. ([§] 667, subd. (e)(2)(C)(iii).) Here, no arming or use allegations were alleged or found true in connection with the offenses for which appellant was convicted and sentenced."

Defendant offers no rational basis for requiring an enhancement. He merely asserts the language used in section 667 about using or being armed with a firearm is "enhancement-type language." His reply brief points to section 1170.126's wording, that the inmate is eligible for resentencing if the current sentence was not "imposed for" the referenced circumstance of using or being armed with a gun. Defendant proclaims the only way a current sentence can be "imposed for" using or being armed with a firearm is by having a use or arming enhancement pleaded and proved. He cites no supporting authority.

Defendant thus asks us to ignore the fact that his being armed with and using the gun was pleaded and proved in connection with his violation of section 417.8, which

6

provides: "Every person who draws or exhibits any firearm, whether loaded or unloaded, or other deadly weapon, with the intent to resist or prevent the arrest or detention of himself or another by a peace officer shall be imprisoned . . . ." Proposition 36 "disqualifies an inmate from eligibility for lesser punishment if he . . . was armed with a firearm '[d]uring the commission of' the . . . offense. . . . 'During' is variously defined as 'throughout the continuance of course of' or 'at some point in the course of.' (Webster's 3d New Internat. Dict. (1993) p. 703.) Thus, there must be a temporal nexus between the arming and the underlying felony, not a facilitative one. The two are not the same. (Citation omitted.)" (*People v. Hicks* (2014) 231 Cal.App.4th 275, 284; but see *People v. Elder* (2014) 227 Cal.App.4th 1308 [armed if the gun has a facilitative nexus with underlying offense].)

Here, of course, defendant's arming had both a temporal and a facilitative nexus to his section 417.8 conviction, when he pointed a firearm at pursuing officers out of the rear window of the truck he was driving. Pointing a deadly weapon constitutes a "use" of the deadly weapon. (*People v. Simons* (1996) 42 Cal.App.4th 1100, 1111.)

In *Simons*, the defendant exhibited a screwdriver in a threatening way to avoid arrest and was convicted of violating section 417.8. On appeal he argued the trial court should have instructed the jury on misdemeanor resisting a peace officer (§ 148) as a lesser offense. The appellate court disagreed, noting lawfulness of the police conduct is an element of section 148 but not section 417.8. (*Id*. at p. 1110.) And on the facts of the case there was no basis, other than an unexplainable rejection of prosecution evidence, on which the jury could find the offense to be less than that charged. (*Id*. at p. 1111.) "[T]he evidence demonstrated that defendant not only intended to use the screwdriver as a weapon but actually did use it as a weapon. One can certainly use a weapon without inflicting injury with it, by pointing a gun, for example. (*People v. Chambers* (1972) 7 Cal.3d 666, 672-673.) Defendant's repeated gesturing with the screwdriver, coupled

7

with his statements to police ['come on, kill me, go ahead'], constitute a use of the screwdriver as a weapon." (*Simons, supra*, 42 Cal.App.4th at pp. 1106, 1111.)

Here, defendant oddly extracts isolated language from *Simons* as if it helps his case: "The mere act of exhibiting a weapon, while harmless per se, is dangerous by virtue of the violence it may engender." (*Simons, supra*, 42 Cal.App.4th at p. 1109.) *Simons* offered this observation as a rationale for criminalizing the exhibition even if the police were acting unlawfully in attempting to arrest the defendant. (*Id.* at pp. 1109-1110.) Defendant claims the quoted language means that, with section 417.8, as opposed to an arming or use *enhancement*, the defendant's own conduct *ab initio* is not dangerous. We disagree.

Thus, defendant's section 417.8 conviction established he was armed with and used a gun. And although a felon may be found guilty of gun possession without being armed with the gun, e.g., a conviction based on constructive possession or dominion over a gun not readily accessible (*Elder, supra*, 227 Cal.App.4th at pp. 1313-1314), here the circumstances clearly show defendant was armed with and used a gun in committing all offenses as he tried to get away from police (unlawful driving of vehicle, reckless driving while attempting to evade police, and possession of gun and ammunition by felon).

Moreover, we reject defendant's argument that inmates are ineligible for resentencing only if the circumstance of using or being armed with a gun was pleaded and proved as an enhancement with respect to each commitment offense. Defendant acknowledges adverse authority (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279 [no requirement for pleading and proof of dangerousness as basis to deny resentencing to prisoner who is otherwise statutorily eligible]), but defendant argues *Kaulick* was wrong. However, while this appeal was pending, we issued opinions applying *Kaulick*'s reasoning to conclude there is no requirement for pleading and proof of circumstances (such as being armed with a gun) to render a commitment offense ineligible for section 1170.126 resentencing. (*Guilford, supra*, 228 Cal.App.4th at pp.

8

655-659; *Elder* (2014) 227 Cal.App.4th 1308.) Other appellate districts have reached the same conclusion. (E.g., *People v. Blakely* (2014) 225 Cal.App.4th 1042 [Fifth Appellate District]; *People v. Osuna* (2014) 225 Cal.App.4th 1020 [Fifth Appellate District]; *People v. White* (2014) 223 Cal.App.4th 512 [Fourth Appellate District, Division One].)

In *Elder, supra*, the defendant argued his commitment offense for possession of a firearm by a felon was not a serious or violent felony and did not otherwise come within any exception to section 1170.126, and therefore he was entitled to be considered for resentencing. (*Id*. 227 Cal.App.4th at p. 1311.) We disagreed, noting that, as cross-referenced in section 1170.126, subdivision (e)(2), a commitment offense is ineligible for recall of sentence if, during its commission, the defendant used a firearm or was armed with a firearm (or intended to cause great bodily injury). (§ 667, subd. (e)(2)(C)(iii).) A defendant is "armed" if the gun is available for use offensively or defensively and the presence of the gun was not mere happenstance. (*Elder, supra*, 227 Cal.App.4th at p. 1312.) A conviction for possession of a gun by a felon is not necessarily an offense ineligible for resentencing, because for example the conviction may be based on constructive possession or a gun under the defendant's dominion and control in a location not readily accessible to him. (*Id*. at pp. 1313-1314.)

Proposition 36 addressed both prospective sentencing and retrospective resentencing. This case involves the retrospective prong. For the prospective prong, a third qualifying felony conviction is prospectively subject to three-strikes sentencing only where a prosecutor "pleads and proves" that the prior convictions were for serious or violent felonies, and that a commitment offense is either a serious or violent felony, or otherwise comes within one of four qualifying classes of offenses. (§ 667, subd. (e)(2)(c), as amended by Proposition 36.) On the other hand, the retrospective relief under section 1170.126 is conditioned upon an eligible commitment offense, which "the [trial] court shall determine" on "receiving a petition for recall of sentence under this section." (§ 1170.126, subd. (f).) We said in *Elder*: "In rejecting an interpretation that a

9

defendant becomes presumptively entitled to resentencing absent proof of dangerousness beyond a reasonable doubt, [*Kaulick*] notes it is determinative that the drafters omitted any requirement for the pleading and proof of dangerousness in the latter statute." (*Elder, supra*, 227 Cal.App.4th at p. 1314.) Thus, section 1170.126 does not of itself support defendant's claim that his ineligibility was subject to pleading and proof in the proceedings underlying the commitment offense of his being armed. (*Id*. at pp. 1314-1315.)

As we said in *Guilford*: "Because the electorate required pleading and proof of these disqualifying facts in the prospective part of the Act, but not the retrospective part, we presume the intention was to dispense with a pleading and proof requirement in the latter case." (*Guilford, supra*, 228 Cal.App.4th at p. 657.) That the resentencing portion of the Act cross-references the prospective portions does not yield a conclusion that the electorate meant to imply a pleading and proof requirement for resentencing. In most cases such factors would not have been adjudicated in the current case, resulting in undermining one purpose of Proposition 36 -- to preclude dangerous persons from the recall provision. (*Id*. at p. 658.) We agreed with the Fourth District's opinion in *White, supra*, 223 Cal.App.4th 512, which held it was appropriate in considering a recall petition for the trial court to consider the facts of the crime, as shown by the record, to find the defendant ineligible. (*Guilford, supra*, 228 Cal.App.4th at p. 659.)

Defendant argues *Kaulick* was wrong because it results in deprivation of the prisoner's right to a jury trial. However, there is no right to a jury trial in a petition for resentencing under section 1170.126. (*Guilford, supra*, 228 Cal.App.4th at pp. 662-663; *Blakely, supra*, 225 Cal.App.4th at pp. 1057-1063.)

We conclude the trial court properly denied the recall petition.

## II. *Individual Counts*

While this appeal was pending, the California Supreme Court issued an opinion holding that a defendant's ineligibility for section 1170.126 resentencing as to some counts does not necessarily preclude resentencing for other counts. (*People v. Johnson* (2015) 61 Cal.4th 674.)

This presents an issue (not addressed by the trial court or the parties on appeal) because while all counts cover the same course of conduct during which defendant had and used the gun, the count for unlawful driving "or" taking of a vehicle (Veh. Code, § 10851) poses a theoretical possibility of conviction for theft of the vehicle, for which there is no evidence of gun involvement.

Vehicle Code section 10851 provides: "Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing, is guilty of a public offense and, upon conviction thereof, shall be punished by imprisonment in a county jail for not more than one year or pursuant to subdivision (h) of Section 1170 . . . or by a fine . . . or by both the fine and imprisonment." (Veh. Code, § 10851, subd. (a).)

The record in this appeal does not reveal whether defendant was involved in the actual theft of the pickup truck, which occurred the day before police found defendant unlawfully driving the stolen truck. Nor does the record reveal whether a gun was involved in the theft of the truck. If defendant were convicted of vehicle theft and no gun were involved, resentencing on that count would be theoretically possible.

Defendant's pro. per. petition for resentencing described the conviction as "Vehicle Theft," but our opinion affirming the judgment described it as "unlawful

11

taking/driving" of a vehicle. (*Sikora I, supra*, 2006 Cal.App.Unpub. LEXIS 3987, slip opn. p. 1.)

On our own motion, we take judicial notice of the record in the appeal of the conviction, *Sikora I*, case No. C050541.[1] (Evid. Code, §§ 452, 459.) Although the jury was instructed that defendant was charged with unlawfully driving "and" taking the vehicle, the instructions told the jurors that in order for defendant to be found guilty on that count, the prosecutor had to prove that defendant "took or drove" the vehicle. The prosecutor argued to the jury: "This case begins on the 18th of March. It begins when [the victim] notices that his truck is stolen. We don't have any evidence as to how that truck was stolen. We don't have any evidence as to the person who actually stole the truck. What we do have is less than 24 hours later, a little more than 24 hours later actually, we have [defendant] in possession of that truck, and that's the basis for Count 1 against [defendant], which is a violation of 10851, unlawful driving or taking of a vehicle. . . ." The verdict form and abstract of judgment show the offense as "UNLAWFUL DRIVING OR TAKING OF A VEHICLE."

We accordingly conclude there is no basis for finding defendant potentially eligible for resentencing for a conviction of vehicle theft without being armed with or using a gun.

---

[1] We normally give parties the opportunity to object before we take judicial notice on our own motion. (Evid. Code, § 459.) However, the propriety of our taking judicial notice of our record of the appeal from the conviction appears self-evident. Any party who disagrees may do so in a petition for rehearing.

DISPOSITION

The order denying resentencing is affirmed.

      HULL          , J.

We concur:

      BLEASE        , Acting P. J.

      DUARTE        , J.